UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  06-20234-CIV-MARTINEZ-BANDSTRA

ADRIANA MACIAS,

    Plaintiff,

vs.

IK RETAIL, INC. D/B/A UNITED COLORS
OF BENETTON, SISLEY, MAX MARA,
ANDREW'S TIES, and BENEPAY SOUTH,
INC.

    Defendants.
_____/

**OMNIBUS ORDER DENYING BENEPAY SOUTH, INC.'S MOTION TO DISMISS AMENDED COMPLAINT, DENYING IK RETAIL DEFENDANTS' MOTION TO DISMISS, DENYING VARIOUS PENDING MOTIONS AS MOOT, AND REQUIRING RESPONSE TO MOTION FOR PRELIMINARY CERTIFICATION OF OPT-IN CLASS**

THIS CAUSE came before the Court upon Defendant Benepay South, Inc.'s ("Benepay") Motion to Dismiss **(D.E. No. 19)** and Defendants IK Retail, Inc., IK Retail Max, Inc., IK Retail Sisley, Inc., IK Enterprises, Inc., d/b/a United Colors of Benetton, Sisley, Max Marra, and Andrew's Ties' (collectively "IK Retail") Motion to Dismiss **(D.E. No. 20)**.  The Court has carefully considered the motions, which are fully briefed, and is otherwise duly advised.  This case involves a collective action under the Fair Labor Standards Act, as set forth in 29 U.S.C. § 216(b).  The Amended Complaint (D.E. No. 9) essentially alleges that the Plaintiff and other similarly situated individuals were given the title "assistant manager" by Defendants, but in reality were "salesperson[s]" that are entitled to minimum wage and overtime compensation.  *See id*. at ¶¶ 5-7.  Plaintiff also alleges that Defendants were "the FLSA joint employers for the Plaintiff for

the relevant time period." *Id*. at ¶ 3.  Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Procedure 12 for two reasons: 1) Plaintiff purportedly did not properly file a notice of consent to join this action, and 2) Plaintiff has not adequately plead facts to support a joint employer relationship.  Both arguments fail for the reasons discussed in this Order.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the allegations of the complaint as true.  *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir.1999).  Moreover, the complaint must be viewed in the light most favorable to the plaintiff.  *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986).  To warrant a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Blackston v. State of Ala.,* 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).  In deciding a motion to dismiss, a court may only examine the "four corners" of the complaint and any matters incorporated therein, and not matters outside the complaint, without converting the motion to dismiss into a motion for summary judgment.  *See Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

Defendant Benepay argues that "Plaintiff's Amended Complaint must be dismissed for failure to file written consent forms as required to initiate an 'opt-in' collective action under the FLSA."  (D.E. No. 19 at 2).  Benepay cites district court decisions from New York and Nevada for the proposition that all plaintiffs in a FLSA collective action must provide written consent to join the suit, and it argues that the named Plaintiff in this action did not properly file written

consent to join. *Id*. (citing *El v. Potter*, 10 Wage & Hour Case 2d (BNA) 721 (S.D.N.Y. 2004); *Bonilla v. Las Vegas Cigar Company*, 61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999)). Defendant also cites a Southern District of Florida decision that dismissed another action, which was filed by Plaintiff's counsel, without prejudice and required the plaintiff in that case to file a written consent form. *Id*. (citing *Lira v. Arrow Air, Inc.,* Case No 05-2373-LENARD (S.D. Fla. April 17, 2006)).

In response, Plaintiff correctly notes that the Eleventh Circuit has not squarely addressed the issue of whether named plaintiffs in a FLSA opt-in action must submit written consent forms. (D.E. No. 23 at 5). Plaintiff cites case law from this District that finds that "named plaintiffs do not have to opt-in." *Id*. (citing *Rodriguez v. Farm Stores Grocery, Inc.*, Case No. 02-22451-JORDAN (S.D. Fla. January 23, 2003)). Plaintiff also argues that, "in the interests of judicial economy," she has filed written consent to opt-in. (D.E. No. 23 at 5; Exh. C). This Court agrees that in light of this fact, and after carefully reviewing the relevant case law, that Defendants have failed to demonstrate why this case should be dismissed. Thus, Benepay's motion is denied.

The IK Retail Defendants argue that Plaintiff's Amended Complaint should be dismissed as to all Defendants except Benepay. (D.E. No. 20). In support of this argument, IK Retail filed an affidavit of Eric V. Thomas, a manager of Human Resources & Legal Affairs for IK Enterprises, Inc., which states that Plaintiff was employed by Benepay and that "Plaintiff was not employed by any of the other Defendants in this action." (D.E. No. 29). In response, Plaintiff emphasizes the Amended Complaint's allegation that the Defendants were joint employers, the liberal pleading standard under the Federal Rules of Civil Procedure, and the well-established principle of law that a district court considering a motion to dismiss must limit its consideration to the pleadings and

written instruments attached as exhibits. *See id*.

Defendants Reply Memorandum argues that Plaintiff has "vexatiously continued to attempt to bring claims in this action against legal entities that did not employ Plaintiff." (D.E. No. 31 at 1). Defendant notes that Plaintiff's allegations regarding joint employers are alleged on the basis of "information and belief," and that "Plaintiff has failed to allege any of the requisite factors for a joint employer relationship." *Id*. However, this Court agrees with Plaintiff that this Court must accept the allegations of the complaint as true and that they must be viewed in the light most favorable to the plaintiff. *Pemco Aeroplex, Inc.*, 195 F.3d at 1236; *St. Joseph's Hosp., Inc.,* 795 F.2d at 953. Furthermore, the United States Supreme Court has explained the liberal pleading standard under the Federal Rules of Civil Procedure in the context of a motion to dismiss:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 45 (1957). This Court finds that the Plaintiffs allegations have met this liberal pleading standard.

Furthermore, with regard to the affidavit submitted by IK Retail, this Court agrees with

Plaintiff that it must consider only the four corners of the Amended Complaint. *See Crowell*, 87 F. Supp. 2d at 1290. However, this Court finds it appropriate to remind Plaintiff that the liberal pleading standard of the Federal Rules of Civil Procedure is conscripted by Rule 11(b). Plaintiff's allegations regarding joint employer status, which are founded on "reason and belief," must be founded on a "reasonable inquiry under the circumstances." *See id*. Plaintiff is cautioned that if this Court later determines that Federal Rule 11(b) has been violated, it will impose appropriate sanctions. *See* Fed. R. Civ. P. 11(c).

For these reasons, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant Benepay South, Inc.'s Motion to Dismiss Amended Complaint **(D.E. No. 19)** is **DENIED**.

2. Defendants IK Retail, Inc., IK Retail Max, Inc., IK Retail Sisley, Inc., IK Enterprises, Inc., d/b/a United Colors of Benetton, Sisley, Max Marra, and Andrew's Ties' Motion to Dismiss **(D.E. No. 20)** is **DENIED**.

3. Defendants IK Retail, Inc., IK Retail Max, Inc., IK Retail Sisley, Inc., IK Enterprises, Inc., d/b/a United Colors of Benetton, Sisley, Max Marra, and Andrew's Ties' Motion to Stay **(D.E. No. 38)** is **DENIED as moot** because this Court has resolved the Motion to Dismiss referenced in the Motion to Stay.

4. Defendant Benepay South, Inc.'s Motion for Enlargement of Time to File Opposition to Plaintiff's Motion for Preliminary Certification of Opt-In Class **(D.E. No. 39)** is **GRANTED in part**. All Defendants shall respond to Plaintiff's Motion for Preliminary Certification of Opt-In Class (D.E. No. 37) on or before **Friday, January 19, 2007 at 4:30 p.m.**

    5.  Defendants' Request for Issuance of Scheduling and Trial Order **(D.E. No. 47)** is

**DENIED as moot**.

    DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of January, 2007.

                                                            _____
                                                             JOSE E. MARTINEZ
                                                             UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record