## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between ANDRIANA MACIAS, individually, together with her heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "EMPLOYEE") and IK RETAIL, INC. D/B/A UNITED COLORS OF BENETTON, SISLEY, MAX MARA AND ANDREW'S TIES, together with their predecessors, successors, affiliates, subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, legal representatives and any other related entities (hereinafter referred to as "EMPLOYER").

**1.** **Purpose**: Except as otherwise stated herein, the purpose of this Agreement is to conclusively resolve and settle all matters and things in controversy between EMPLOYEE and EMPLOYER including, but not limited to any claims for relief that were made or could have been made by EMPLOYEE in the matter of *Macias v. IK Retail, et al.,* United States District Court, Southern District of Florida, Case Number 06-20234-CIV-Martinez/Bandstra (hereinafter referred to as the "Lawsuit"). It is a further and equal purpose of this Agreement to resolve any and all disputes, controversies, or claims, that exist or may exist in the future between these parties, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

**2.** **Opportunity to Negotiate, Consider and Consult with Counsel**: The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, EMPLOYEE has not relied on any representations, compromise, conduct or action made by or on behalf of EMPLOYER or EMPLOYER'S attorneys. EMPLOYEE acknowledges that EMPLOYEE has obtained the advice of competent counsel and agrees that EMPLOYEE has been given a reasonable period of time within which to consider this Agreement. EMPLOYEE and EMPLOYER confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

**3.** **No Admission of Liability**: The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that EMPLOYER expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

Employee's
Initials

-1-

**4.     Consideration**: The consideration given by EMPLOYER to EMPLOYEE under this Agreement consists of payment to EMPLOYEE of Twenty Seven Thousand Five Hundred Dollars ($27,500) which shall be payable to the J.H. Zidell Trust Account.

The above-referenced payment shall be delivered within ten (10) business days of the date this Agreement is finalized, and an Order of Dismissal is entered by the Court. The consideration given by EMPLOYEE to EMPLOYER in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

**5.     Release of EMPLOYER**: For and in consideration of the required acts and promises set forth in the text of this Agreement, EMPLOYEE hereby knowingly and voluntarily releases and discharges EMPLOYER from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which EMPLOYEE has or might have as a result of, or in any way connected with EMPLOYEE's employment or separation of employment with EMPLOYER, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans with Disabilities Act, the Employee Retirement Income Security Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Agent Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which EMPLOYEE has or might have by virtue of any fact(s), or act(s) or event(s) occurring prior to the effective date of this Agreement.

**6.     Dismissal of Lawsuit With Prejudice**: Concurrently with the execution of this

_[signature]_
Employee's
Initials

Agreement, EMPLOYEE shall file all necessary documents to seek dismissal of this case, including signing the Joint Stipulation of Voluntary Dismissal with Prejudice (a form of which is attached hereto) in the Lawsuit. EMPLOYEE shall thereafter, as quickly as practicable, obtain prejudicial dismissal of all claims against EMPLOYER, with the parties bearing their respective costs and expenses, including attorney's fees. EMPLOYEE agrees not to reargue, reinstate, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type be filed that are connected in any fashion to the employment of EMPLOYEE with EMPLOYER or EMPLOYEE's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts or events occurring in whole or in part on or before the effective date of this Agreement.

**7.    Withdrawal of Other Claims / Charges**: EMPLOYEE specifically agrees: (a) that any claims EMPLOYEE has or might have pertaining to EMPLOYER's employment practices arising under any municipal, state or federal law are completely settled; and (b) that EMPLOYEE will withdraw any pending complaints, charges, claims, or causes of action that may have been filed against EMPLOYER with any municipal, state or federal government agency or court. While EMPLOYEE understands that the law permits, and that EMPLOYEE is not foreclosed from filing an agency charge, should any such charge or action be filed by EMPLOYEE or on EMPLOYEE's behalf involving matters covered by this Agreement, EMPLOYEE agrees to promptly give the agency or court having jurisdiction a copy of this Agreement and inform them that any individual claims EMPLOYEE might otherwise have had have been settled.

**8.    No Re-Employment**: EMPLOYEE expressly waives and disclaims any right to reinstatement or reemployment with EMPLOYER, and agrees never to seek employment with EMPLOYER at any time in the future.

**9.    Acknowledgment of Receipt of All Payment Owed**: EMPLOYEE agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which EMPLOYEE was and/or is entitled as a result of EMPLOYEE's employment with EMPLOYER. EMPLOYEE further expressly acknowledges that she is exempt from the overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(b)(1).

**10.   Attorneys' Fees**: If either Party breaches this agreement, the prevailing party will be entitled to reasonable attorney's fees and costs of bringing suit to enforce this agreement.

**11.   Confidentiality**: EMPLOYEE agrees not to communicate the terms, conditions, or

Employee's Initials

contents of this Agreement to any person or entity in any manner, whether directly or indirectly, without express written consent from EMPLOYER authorizing the particular disclosure requested, except that EMPLOYEE may communicate the terms of this Agreement to EMPLOYEE's spouse, financial advisors, and legal counsel, all of whom shall be advised by EMPLOYEE before such disclosure that the terms of the Agreement shall not be disclosed by them to any person, unless required by law. Any unauthorized disclosure by such persons shall be deemed a breach of this Agreement by EMPLOYEE. This provision shall not, however, prohibit EMPLOYEE from disclosing the terms and conditions of this Agreement if (a) required to do so by court order; provided that any court-ordered disclosure shall only be made to the extent ordered, and only after notice has been given in writing by EMPLOYEE to EMPLOYER in order to allow EMPLOYER reasonable and sufficient time to obtain an appropriate protective order preventing or restricting such disclosure; (b) as may be necessary to accomplish the filing of income tax returns or to fulfill any other legal obligations to the Internal Revenue Service or other federal or state taxing authorities; or (c) as may be necessary to enforce the terms of this Agreement. EMPLOYEE, however, may disclose that EMPLOYEE's claims against EMPLOYER have been resolved by agreement of the parties.

**12.     Non-Disparagement**: EMPLOYEE AND EMPLOYER MUTUALLY agree that each Party will not in any way disparage, defame, libel, slander, place in a negative light, or in any other way harm or attempt to harm the reputation, goodwill or commercial interest of the other party to any persons, including but not limited to current or former customers and employees, or members of the media.

**13.     No Changes to Agreement**: No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

**14.     Severability**: If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid or unenforceable provision(s) or by severance herefrom.

**15.     Effect of Waiver**: The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement

Employee's Initials

or refuse or fail to perform any obligation required hereunder.

**16.    Governing Law**: The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

**17.    Ownership of Claims**: EMPLOYEE represents and warrants that EMPLOYEE has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

**18.    Multiple Originals**: This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

DATE: 14 March 08        By: _____
                              ADRIANA MACIAS

Employee's
Initials

-5-

STATE OF FLORIDA     :
                     :
COUNTY OF            :

Before me, the undersigned Notary Public, on this date personally appeared Adriana Macias, known to be to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 14TH day of March, 2008.

_____
Notary Public, State of Florida

✓ Personally known; or
__ Produced identification

J. H. ZIDELL
MY COMMISSION # DD 746766
EXPIRES: February 15, 2012
Bonded Thru Notary Public Underwriters

_____
type of identification produced

My commission expires:

-7-

DATE: 03/14/2008                               IK RETAIL, INC.

By _____ Eric V. Thomas

DATE: 03/14/2008                               BENEPAY SOUTH, INC.

By _____ Eric V. Thomas

DATE: 03/14/2008                               IK ENTERPRISES, INC.

By _____ Eric V. Thomas